# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| GARY LENION MCDONALD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV616-099 |
| | ) | CR612-005 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Convicted via guilty plea of conspiracy to kidnap and sentenced to 240 months, CR612-005, docs. 167 & 164, Gary Lenion McDonald moves for 28 U.S.C. § 2255 relief. Doc. 248. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied. Defendant cites *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), where the Ninth Circuit held that the amended commentary to USSG § 3B1.2 -- which provides for a reduced offense level for defendants who were minimal or minor participants in the criminal activity at issue -- applies retroactively on direct appeals. That court remanded the case before it because it "c[ould] not determine from

the record whether or not the [district] court considered all the factors now listed in § 3B1.2." 823 F.3d at 523.

Insisting that he played only a minor role in the kidnappings,[1] McDonald wants this Court to apply § 3B1.2 to reduce his sentence for, *inter alia*, conspiring "to seize, confine, kidnap, abduct, and carry away T.M., and W.D., and hold them for ransom, and used a means, facility, and instrumentality of interstate commerce, to wit, cellular telephones, in furtherance of the objects of the conspiracy, in violation of Title 18, United States Code, Section 120 1(a)(1)." Doc. 167 at 10-11 (facts to which he stipulated in his plea agreement); doc. 164 (240-month

---

[1] The Presentence Investigation Report (PSR) reveals two kidnappings that involved a home invasion, an armed confrontation, violence, ransom, and the repeated use of McDonald's "dilapidated trailer" residence to temporarily confine the victims. McDonald admitted his involvement in both kidnappings. PSR at 9 ¶¶ 33-36. Specifically, he allowed "his residence to be used to facilitate both kidnappings. He also guarded one of the victims, while ransom money was collected, and assisted in the delivery of that victim, after the ransom was paid." Sentencing Recommendation at 1.

The Probation Officer nevertheless advised that "[t]he defendant was a minor participant in the instant offence." PSR at 13 ¶ 59. After elaborating on that, the Officer concluded: "As the defendant was minor participant in the criminal activity, a two-level [Sentencing Guideline calculation] decrease is appropriate. USSG § 3B1.2(b)." *Id.* "It is noted that absent a role reduction, [McDonald's U.S. Sentencing] guideline range would have been 360 months to live imprisonment." Sentencing Recommendation at 2.

judgment of conviction entered on that count).[2] But as pointed out in *Young v. United States*, 2016 WL 4472937 (C.D. Ill. Aug. 24, 2016), *Quintero-Leyva*'s reasoning does not apply to collateral attacks. *Id.* at * 2.

> Indeed, the proper avenue for a defendant seeking a sentence reduction based on an amendment to the Sentencing Guidelines is to file a motion under 18 U.S.C. § 3582(c)(2) (allowing modification to term of imprisonment if defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission").

*Id.* McDonald's § 2255 motion therefore must be denied on those grounds.

Additional grounds support denial. In *Jacobs v. United States*, 2016 WL 4183312 (S.D. Ga. Aug. 5, 2016), this Court addressed a similar § 2255 motion. Like McDonald, the movant there had an opportunity to challenge her "minor role" in a direct appeal of her sentence. *Id.* at * 1. Like McDonald did here, she failed to do so. Denying relief, this Court applied *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998) to rule that "§ 2255 is not a substitute for direct appeal," so "nonconstitutional claims" like that "can be raised on collateral review

---

[2] McDonald unsurprisingly took no appeal from that 2013 judgment -- his plea agreement waived his direct and collateral appeal rights except on grounds here not relevant. Doc. 167 at 6.

only when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Id.* (quoting *Burke*, 152 F.3d at 1330-31); *see also Sandidge v. United States*, 2016 WL 4154929 at * 2 (S.D. Ill. Aug. 5, 2016) ("As long as a defendant's sentence is within the sentencing range provided by the statute of the offense, sentencing guideline calculation errors are nonconstitutional and are not reviewable in § 2255 proceedings.").

On those additional grounds, then, McDonald's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). The Court **DIRECTS** the Probation Office to file the PSR and Sentencing Memorandum in the record.

**SO REPORTED AND RECOMMENDED** this  30th   day of August, 2016.

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA